E-FILED
Tuesday, 10 October, 2017  03:06:50 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

CLIFFORD BELL III,

                Plaintiff,

v.

WALI ENTERPRISES LLC, d/b/a POPEYE'S
LOUISIANA KITCHEN

                Defendant.

**JURY TRIAL DEMANDED**

## COMPLAINT AT LAW

Plaintiff, Clifford Bell III ("Bell" or "Plaintiff"), by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint at Law against Defendant Wali Enterprises, LLC ("Defendant" or "Wali"), states as follows:

### NATURE OF ACTION

1.     This is a single-plaintiff action for damages and injunctive relief against Defendant for its unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") and its discrimination against Plaintiff on the basis of his disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA").

### JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 2617 (right to civil action under the FMLA), and 42 U.S.C. § 12117(a) (right to civil action under ADA).

3.     The unlawful employment practices described herein were committed at Defendant's restaurant in Bloomington, McLean County, Illinois. Venue in the Peoria Division

of the U.S. District Court for the Central District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4.      On April 29, 2016, Bell filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of a disability in violation of the ADA. Bell attaches his Charge as **Exhibit A** and incorporates the allegations of his Charge herein.

5.      On August 23, 2017, the EEOC issued a Dismissal and Notice of Rights as to Bell's Charge, a copy of which is attached as **Exhibit B**. Plaintiff files this Complaint within 90 days of his receipt of the Dismissal and Notice of Rights from the EEOC.

6.      Plaintiff has satisfied all conditions precedent to pursuing his ADA claim in federal court.

## PARTIES

7.      Plaintiff Clifford Bell III resides in Bloomington, Illinois.

8.      Plaintiff worked for Defendant at its Popeye's Louisiana Kitchen fast food restaurant located at 1803 West Market Street, Bloomington, Illinois 61701 from 2004 through October 2015.

9.      At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(3)(A), and ADA, 42 U.S.C. § 12111(4).

10.      Defendant Wali is an Illinois corporation that owns and operates several Popeye's Louisiana Kitchen restaurants in central Illinois. In addition to Plaintiff's work location in Bloomington, Illinois, Defendant owns and operates a second restaurant in Bloomington as well as locations in Peoria and Springfield, Illinois.

11.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A), and Title VII, 42 U.S.C. § 12111(5)(A).

12.     At all relevant times, Defendant employed more than 50 employees within 75 miles of Plaintiff's work location in Bloomington.

## FACTUAL ALLEGATIONS

13.     Bell worked full-time for Defendant at its Market Street location from 2004 until his termination on or about October 20, 2015. At the time of his termination, Plaintiff's title was Head Cook.

14.     Throughout his employment, Bell performed his job satisfactorily.

15.     As of October 2015, Plaintiff had suffered from high blood pressure for 3 to 4 years. Bell was being monitored and treated by his doctor for the condition throughout that time period.

16.     On or about October 8, 2015, Bell advised Defendant that he was unable to work due to his blood pressure being too high, and did not report to work that day. He remained off of work until he was able to see his doctor on or about October 13.

17.     On or about October 13, 2015, Bell attended a doctor's appointment relating to his blood pressure.

18.     On or about October 13, 2015, Bell's doctor placed a heart monitor on him.

19.     Bell's doctor released Bell to return to work on October 13, 2015.

20.     Bell returned to work on October 14, 2015 with documentation from his doctor verifying that his absence during the previous week was medically necessary.

21.     Defendant refused to accept Bell's documentation and refused to permit him to return to work on October 14, 2015.

3

22.     After this initial attempt to return to work on October 14, Bell returned to his doctor in an effort to obtain documentation that would satisfy Defendant and permit him to return to work.

23.     On October 19, 2015, Bell again arrived at his work location with the documentation Defendant had requested. Bell was advised that his manager had to review the documentation and that because his manager was not at the restaurant that day, he could not return to work.

24.     On October 20, 2015 Bell again attempted to return to work with the documentation previously requested. When he arrived at the restaurant he was met at the door by two co-workers, one of whom advised him that per Bell's manager, Bell was not allowed inside and was no longer employed by Defendant.

25.     After being refused access to his workplace, Bell called his manager. After several calls went unanswered, Bell's manager answered the phone and told him only that he was fired and then hung up.

26.     At no time did Defendant advise Bell of his right or eligibility to take leave pursuant to the FMLA.

27.     In the 12 months preceding his termination, Plaintiff worked more than 1,250 hours for Defendant.

28.     Bell's high blood pressure occasionally and temporarily renders him unable to work in a broad class of jobs, as it places him at a significant risk of experiencing a stroke when his condition is uncontrolled.

29.     In order to perform his job, Bell required the reasonable accommodation of a brief absence from work, including but not limited to leave pursuant to the FMLA, in order to seek treatment for and recover from the spike in his blood pressure.

30.     Defendant permitted other, non-disabled employees to be absent from work without consequence.

31.     Throughout his employment with Defendant, Bell could perform the essential functions of the Head Cook position with or without a reasonable accommodation.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

32.     Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

33.     Bell was at all relevant times a qualified individual with a disability pursuant to the ADA.

34.     When Defendant refused to excuse Bell's October 2015 absence from work and instead terminated him, it unlawfully failed to accommodate Bell in violation of the ADA.

35.     As a direct and proximate result of Defendant's actions, Bell has suffered and continues to suffer irreparable injury and harm.

36.     Defendant's actions in this regard were willful, wanton, and outrageous, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Clifford Bell III respectfully requests that this Court enter an order as follows:

        A.  Declaring that the acts and practices by Defendant, as described herein, constitute a violation of ADA;

        B. Enjoining and permanently restraining these violations of ADA;

C.  Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of ADA;

D.  Awarding Plaintiff compensatory damages;

E.  Awarding Plaintiff punitive damages;

F.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

G.  Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

37.    Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

38.    Bell was at all relevant times a qualified individual with a disability pursuant to the ADA.

39.    When Defendant refused to excuse Bell's October 2015 absence from work and instead terminated him, it unlawfully discriminated against Bell on the basis of his disability in violation of the ADA.

40.    As a direct and proximate result of Defendant's actions, Bell has suffered and continues to suffer irreparable injury and harm.

41.    Defendant's actions in this regard were willful, wanton, and outrageous, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Clifford Bell III respectfully requests that this Court enter an order as follows:

A.  Declaring that the acts and practices by Defendant, as described herein, constitute a violation of ADA;

B.  Enjoining and permanently restraining these violations of ADA;

6

C.  Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of ADA;

D.  Awarding Plaintiff compensatory damages;

E.  Awarding Plaintiff punitive damages;

F.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

G.  Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT III
## INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

42.  Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

43.  The matters set forth in this Count arise from Defendant's violation of the FMLA.

44.  As an eligible employee who required time off relating to his serious health condition, Bell was entitled to take leave pursuant to the FMLA.

45.  Defendant interfered with Plaintiff's rights under the FMLA by failing to provide him with notice or information regarding his right to take job-protected leave pursuant to the FMLA in October 2015.

46.  Defendant was aware of Bell's serious health condition and his need to be absent from work relating to the same.

47.  Defendant interfered with Bell's FMLA rights when, despite his repeated requests to be reinstated following his October 2015 absence, Defendant failed and refused to reinstate Bell.

48.  Defendant interfered with Bell's FMLA rights when it terminated Bell in violation of the FMLA.

49.     Defendant's violation of the FMLA has caused Bell to incur damages, including but not limited to loss of income, in the time since his termination.

WHEREFORE, Plaintiff Clifford Bell III respectfully requests that this Court enter an order as follows:

A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Plaintiff back wages, reinstatement or front pay in the alternative, and lost benefits arising from Defendant's violation of FMLA;

D. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

E. Awarding Plaintiff his reasonable attorneys' fees and costs incurred in connection with the instant action; and

F. Awarding Plaintiff any additional relief, including equitable damages, that the Court may deem just and proper.

Dated: October 10, 2017                    Respectfully submitted,

Alejandro Caffarelli                       CLIFFORD BELL III
Alexis D. Martin
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Suite 300            By: /s/ *Alejandro Caffarelli*
Chicago, Illinois 60604                        Attorney for Plaintiff
Tel. (312) 763-6880