IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CLIFFORD BELL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:17-cv-01455 |
| | ) | |
| WALI ENTERPRISES, LLC, d/b/a Popeye's Louisiana Kitchen, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Defendant, WALI ENTERPRISES, LLC, d/b/a Popeye's Louisiana Kitchen, by and through its attorneys, Sorling Northrup, John A. Kauerauf, of Counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6), and Local Rule 7.1, files this Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint at Law.

**I.    INTRODUCTION**

Counts I and II of Plaintiff's Complaint at Law ("Complaint") allege failure to accommodate and disability discrimination in violation of the Americans with Disabilities Act ("ADA"), which rest on the theory that Defendant failed to accommodate Plaintiff's disability by terminating him for a disability-related absence. However, Plaintiff's Complaint fails to plead facts sufficient to show he has an ADA-qualifying disability. Count III of the Complaint alleges interference in violation of the Family and Medical Leave Act ("FMLA"), but fails to allege facts to show that Plaintiff was afflicted with a serious health condition or that Defendant was properly notified of the potential applicability of the FMLA. Accordingly, Defendant moves to

dismiss Plaintiff's Complaint in its entirety because it fails to state a claim upon which relief can be granted under the ADA or the FMLA.

## II. STANDARD OF REVIEW

As a general rule, in testing the sufficiency of a complaint, notice pleading remains the standard in federal court. A plaintiff's complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that is also sufficient to provide the defendant with "fair notice" of the claim and its basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); FRCP. 8(a)(2). In order to demonstrate that he is entitled to relief, however, the pleader must show through his allegations that "it is plausible, rather than merely speculative, that he is entitled to relief." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Accordingly, "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must do more than merely avoid foreclosing possible bases for relief. *Windy City*, 536 F.3d at 667. The Complaint must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level. *Id* at 668.

## III. ARGUMENT

  **A.**  **Count I and II of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted because Plaintiff has failed to plead sufficient facts to show that he is disabled within the meaning of the ADA.**

Count I and II must be dismissed because Plaintiff has failed to sufficiently plead that he is disabled, which is the threshold requirement for an ADA claim. The ADA makes it unlawful for employers to discriminate against employees on the basis of a disability. 42 U.S.C. §§ 12112(a), 12111(5)(A) (2008). To prevail on an ADA claim, Plaintiff must plead facts to

sufficiently show: "1) that [he] is disabled; 2) that [he] is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) that the [Defendant] took an adverse job action against [him] because of [his] disability or failed to make a reasonable accommodation." *Love v. First Transit, Inc.*, No. 16-cv-2208, 2017 U.S. Dist. LEXIS 37716, at *9 (N.D. Ill. Mar. 16, 2017) (*see also Winsley v. Cook Cnty.*, 563 F.3d 598, 603 (7th Cir. 2009); *Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000)). Regardless of which theory an employee pursues, the existence of a disability is required to prevail on an ADA claim. *Love,* 2017 U.S. Dist. LEXIS 37716, at *10 (*see also Cassimy v. Bd. of Educ. of Rockford Pub. Sch.*, Dist. No. 205, 461 F.3d 932, 935-36 (7th Cir. 2006)). To allege a "disability" under the ADA, Plaintiff must plead sufficient facts to satisfy that he qualifies an individual: (1) "who has a physical . . . impairment that substantially limits one or more major life activities . . ."; (2) "who has a record of such an impairment"; or (3) "who is being regarded as having such an impairment." 42 U.S.C. § 12102(1) (2008).

      **i.**    **Plaintiff has not pled sufficient facts to show that his alleged high blood pressure imposed a "substantial limit" on his "major life activities."**

Plaintiff's allegations that his high blood pressure imposed a "substantial limit" on his "major life activities" are conclusory and are not sufficiently supported by any factual allegations. "Plaintiff is required to plead that an impairment substantially limits a major life activity to survive a motion to dismiss." *Brodzik v. Contractors Steel, Inc.*, 48 F.Supp.3d 1183, 1186 (N.D. Ind. 2014) (*quoting Butler v. BTC Foods Inc.*, CIV.A. 12-492, 2012 WL 5315034, at *2 (E.D. Pa. Oct. 19, 2012); *citing* 29 C.F.R. 1630.2(j)(ii) (2012)). Further, "a plaintiff must allege that the impairment significantly restricts the ability to perform a class of jobs or a broad range of jobs in various classes." *Winsley v. Cook Cnty.*, 563 F.3d 598, 604 (7th Cir. 2009). For

example, see *Brodzik,* 48 F.Supp.3d at 1186 (though episodic impairments are disabling if substantially limiting, plaintiff failed to alleged that the impairment (hernia surgery and recovery) was "anything more than a one-time occurrence[,]" and thus, was not a disability under the ADA. *Id.* at 1189); *Lee v. Chi. Transit Auth.*, No. 12-cv-09180, 2016 U.S. Dist. LEXIS 156967, *10-11 (N.D. Ill. 2016), *aff'd*, 2017 U.S. App. LEXIS 16836 (7th Cir. 2017) (plaintiff's complaint failed to "identify any major life activity that is limited by [his] health issues; nor [did] it describe any such limitation."); *see also Abdul-Aziz v. Show Dep't, Inc.*, No. 09-cv-7609, 2010 U.S. Dist. LEXIS 89867, 2010 WL 3516157, at *2 (N.D. Ill. Aug. 25, 2010) (granting motion to dismiss, in part, because plaintiff did "not allege *how* his ability to lift his arm had been limited or how that limitation affected his ability to perform the tasks of a warehouse/dock worker.").

Here, Plaintiff alleges that he was able to perform all the essential functions of his job from 2004 until October 2015, despite his alleged high blood pressure during the last three to four years of his employment. (Complaint ¶ 13, 15). Additionally, Plaintiff alleges he performed his job satisfactorily throughout his employment, including the three to four years he claims to have suffered from high blood pressure. (Complaint ¶ 14). Furthermore, Plaintiff's doctor placed a heart monitor on him and released him to return to work on that same day without restriction. (Complaint ¶ 18-19). Thus, Plaintiff has failed to sufficiently plead that he has any physical or mental restrictions that substantially limits a major life activity as a result of his alleged high blood pressure. Because he has not done so, he has not alleged that he has a physical impairment protected by the ADA.

    **ii.**    **Plaintiff has not pled sufficient facts to show that there is a "record of such an impairment" as required under the ADA.**

Plaintiff has not pled sufficient facts to show a record of an impairment where Defendant is not disabled within the meaning of the ADA. Thus, where a plaintiff is not disabled under the

first prong, he is also not disabled under the second prong. *See Brodzik*, 48 F.Supp.3d at 1189. Moreover, there is no allegation that Plaintiff had advised Defendant that Plaintiff had any issue with his blood pressure prior to the absences at issue in these proceedings. Plaintiff, therefore, has not plead that he had a record of an ADA covered impairment.

      **iii.    Plaintiff has not pled sufficient facts to show that he was "regarded as" being disabled as required under the ADA.**

Plaintiff's Complaint also fails to support an inference that he was "regarded as" having a disability at any time relevant to the above-captioned suit, as required to satisfy the third prong of the disability definition. To sufficiently plead that Plaintiff was "regarded as" having an actionable disability, he "must establish that either (1) the employer mistakenly believed that he had an impairment that substantially limits a major life activity, or (2) the employer mistakenly believed an existing impairment, which is not actually limiting, does substantially limit a major life activity." *Koty v. Zaruba*, No. 15 c 2600, 2015 U.S. Dist. LEXIS 97919, at *8 (N.D. Ill. July 28, 2015) (*quoting Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 607 (7th Cir. 2012)).

As stated above, Plaintiff has failed to allege facts to show his alleged high blood pressure imposed a "substantial limit" on his "major life activities." The Complaint does not allege that Defendant mistakenly believed that Plaintiff had any limitation other than when he called in sick to work on October 8, 2015. The Complaint also does not allege Defendant believed his alleged high blood pressure limited him from any activities other than not being able to work on the day he called into work. The Complaint therefore fails to state a claim that Defendant regarded Plaintiff as disabled.

**B.  Count III of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief could be granted because Plaintiff has failed to allege facts sufficient to (1) establish that he had a serious health condition entitling him to leave, and (2) satisfy his obligation to notify Defendant that FMLA protected leave was necessitated.**

Count III of Plaintiff's Complaint must be dismissed because Plaintiff failed to allege the required elements for an FMLA claim. To prevail on a claim for interference with rights under the FMLA, Plaintiff must sufficiently plead that: "(1) [he] was eligible for FMLA protection; (2) [his] employer was covered by the FMLA; (3) [he] was entitled to FMLA leave; (4) [he] provided sufficient notice of [his] intent to take leave; and (5) [his] employer denied [him] benefits to which [he] was entitled." *Smith v. The Hope School*, 560 F.3d 694, 699 (7th Cir. 2009) (*see also McCammon-Chase v. Circle Family Care, Inc.*, 2010 U.S. Dist. LEXIS 74435, *7 (N.D. Ill. July 23, 2010)).

The FMLA provides protected time off work to employees who suffer from a "serious health condition." 29 U.S.C. §2612(a)(1). A serious health condition is defined by the FMLA as an illness, injury, impairment, or physical or mental condition that involves either inpatient care or continuing treatment by a healthcare provider. 29 U.S.C. §2611(11). Plaintiff makes no allegation that he experienced any inpatient care, thus the question becomes does his complaint adequately allege that he was receiving continuing treatment by a healthcare provider.

While paragraph 15 of the Complaint alleges that Plaintiff suffered from high blood pressure in the past, there is no allegation that the absences in question were caused by Plaintiff's alleged high blood pressure. In paragraph 16 of his Complaint, he alleges that he told Defendant that he was unable to work due to his blood pressure being too high, but that is an allegation only of what he said. It is not an allegation that in fact his blood pressure was too high to allow him to work on that day. Plaintiff in fact alleges that he was cleared to return to work by his doctor

the same day he was examined by his doctor. He alleges that his return to work documentation made no reference to the cause of his absence (Complaint ¶ 19 and 20). Plaintiff's Complaint, therefore, fails to plead that he was in fact eligible and entitled to FML protection concerning the absences at issue. There is no allegation that any serious health condition as defined by the FMLA necessitated his October 8, 2015, absence from work.

Plaintiff also fails to plead that he provided his employer with sufficient notice of his intent to take FML leave.

"An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c) (2013). "The FMLA does not require employers to play Sherlock Holmes, scanning an employee's work history for clues as to the undisclosed, true reason for an employee's absence." *de la Rama v. Ill. Dep't of Human Servs.*, 541 F.3d 681, 687 (7th Cir. 2008) (employee failed to give employer sufficient notice of intent to take FMLA leave, as telling an employer that she was "sick" was insufficient to suggest she qualified due to a FMLA-qualifying condition); *see also Gilliam v. Unit. Parcel Servs., Inc.,* 233 F.3d 969 (7th Cir. 2000) (employee was entitled to FMLA qualifying leave, but his failure to notify his employer was a violation of "usual and customary" company policy, so it was not a violation of FMLA to terminate his employment after he did not call and inform his employer how long he would be away).

Accordingly, irrespective of the FMLA, "[a]n employer may [still] require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave." 29 C.F.R. § 825.302(d) (2013). Thus, regardless of whether high blood pressure is considered a "serious health condition" for which FMLA leave would be entitled,

Defendant is still "entitled to the sort of notice that will inform them not only that the FMLA may apply but also when a given employee will return to work." *Collins v. NTN-Bower Corp.*, 272 F.3d 1006, 1008 (7th Cir. 2001).  Plaintiff failed to plead that he provided the requisite notice for an FMLA leave.  He pleads only that he called off work on October 8, 2015 (Complaint ¶16).  He does not plead that he requested a period of time off or that he advised Defendant when he expected to return to work.  Because notice is one of the requirements under the FMLA, Count III of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

For these reasons, Plaintiff's Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

WALI ENTERPRISES, LLC, d/b/a Popeye's
Louisiana Kitchen, Defendant


By:   s/ John A. Kauerauf
     John A. Kauerauf, Bar #6193413
     Attorney for Defendant
     Sorling Northrup
     1 N. Old State Capitol Plaza, Suite 200
     P.O. Box 5131
     Springfield, IL  62705
     Telephone:  217-544-1144
     Fax:  217-522-3173
     E-Mail:  jakauerauf@sorlinglaw.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing document was served by electronic service through the Court's ECF System to the following:

Mr. Alejandro Caffarelli
Ms. Alexis D. Martin
Ms. Madeline K. Engel
Caffarelli & Associates, Ltd.
224 South Michigan Avenue, Suite 300
Chicago, IL  60604

and via First Class Mail, postage prepaid, to the following:

(none)

on the 11th day of December, 2017.

                                            s/ John A. Kauerauf
                                            John A. Kauerauf, Bar #6193413
                                            Attorney for Defendant
                                            Sorling Northrup
                                            1 N. Old State Capitol Plaza, Suite 200
                                            P.O. Box 5131
                                            Springfield, IL  62705
                                            Telephone:  217-544-1144
                                            Fax:  217-522-3173
                                            E-Mail:  jakauerauf@sorlinglaw.com