# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| CLIFFORD BELL III,<br><br>   Plaintiff,<br><br>v.<br><br>WALI ENTERPRISES LLC, d/b/a POPEYE'S LOUISIANA KITCHEN<br><br>   Defendant. | Case No. 17-cv-01455 |

## FIRST AMENDED COMPLAINT

Plaintiff, Clifford Bell III ("Bell" or "Plaintiff"), by and through his attorneys, Caffarelli & Associates Ltd., for his First Amended Complaint against Defendant Wali Enterprises, LLC ("Defendant" or "Wali"), states as follows:

## NATURE OF ACTION

1. This is a single-plaintiff action for damages and injunctive relief against Defendant for its unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") and its discrimination against Plaintiff on the basis of his disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA").

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 2617 (right to civil action under the FMLA), and 42 U.S.C. § 12117(a) (right to civil action under ADA).

3. The unlawful employment practices described herein were committed at Defendant's restaurant in Bloomington, McLean County, Illinois. Venue in the Peoria Division of the U.S. District Court for the Central District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4. On February 10, 2016, Bell filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of a disability in violation of the ADA. Bell attaches his Charge as **Exhibit A** and incorporates the allegations of his Charge herein.

5. On August 23, 2017, the EEOC issued a Dismissal and Notice of Rights as to Bell's Charge, a copy of which is attached as **Exhibit B**. Plaintiff files this Complaint within 90 days of his receipt of the Dismissal and Notice of Rights from the EEOC.

6. Plaintiff has satisfied all conditions precedent to pursuing his ADA claim in federal court.

## PARTIES

7. Plaintiff Clifford Bell III resides in Bloomington, Illinois.

8. Plaintiff worked for Defendant at its Popeye's Louisiana Kitchen fast food restaurant located at 1803 West Market Street, Bloomington, Illinois 61701 from 2004 through October 2015.

9. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(3)(A).

10. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the ADA, 42 U.S.C. § 12111(4).

11. Defendant Wali is an Illinois corporation that owns and operates several Popeye's Louisiana Kitchen restaurants in central Illinois. In addition to Plaintiff's work location in Bloomington, Illinois, Defendant owns and operates a second restaurant in Bloomington, as well as locations in Peoria and Springfield, Illinois.

12. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A).

13. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII, 42 U.S.C. § 12111(5)(A).

14. At all relevant times, Defendant employed more than 50 employees within 75 miles of Plaintiff's work location in Bloomington.

## FACTUAL ALLEGATIONS

15. Bell worked full-time for Defendant at its Market Street location from 2004 until his termination on or about October 20, 2015. At the time of his termination, Plaintiff's title was Head Cook.

16. In the 12 months preceding his termination, Plaintiff worked more than 1,250 hours for Defendant.

17. Throughout his employment, Bell performed his job satisfactorily.

18. As of October 2015, Plaintiff had suffered from high blood pressure for 3 to 4 years. Repeatedly throughout these years, Bell was monitored and treated by his doctor for his condition.

19. On or about October 8, 2015, Bell called his manager to inform Defendant that he was unable to work due to his blood pressure being too high. The manager told Bell to bring a doctor's note when he returned to work. Bell did not report to work that day.

20. On or about October 13, 2015, Bell attended a doctor's appointment relating to his blood pressure. At this appointment, Bell's doctor placed a heart monitor on him because he was also experiencing heart palpitations. High blood pressure (also known as hypertension) can

3

result in damage to the cardiovascular and circulatory systems, including causing an increased risk of heart attack, heart failure, or stroke.

21. The doctor's office also scheduled Bell for follow-up appointment on October 27, 2015.

22. Since his absence starting on October 8, 2015, Bell first returned to work on October 14, 2015. When Bell reported to work, he provided Defendant with documentation from his doctor verifying that his absences during the previous week was medically necessary.

23. Defendant refused to accept Bell's documentation and refused to permit him to return to work on October 14, 2015.

24. On October 16, 2015, Bell attended a second appointment with his doctor, during which the doctor reviewed and removed his heart monitor. At this appointment, Bell also obtained another note from his doctor explaining his absences from work to provide Defendant.

25. The doctor cleared Bell to return to work without restrictions.

26. Bell then called his manager, Deb, to inform Defendant that he had obtained additional information from his doctor to show that all of the days he was absent were due to his health condition. Deb informed Bell that he was not scheduled to work again until Monday, October 19, 2015, and that Bell needed to bring the doctor's notes to her for review that Monday.

27. On October 19, 2015, Bell again arrived at his work location with the documentation Defendant had requested. Bell was told that his manager had to review the documentation, but that she was not present, so he could not return to work. The Shift Leader took copies of Bell's medical documentation and told him to come back the next day.

28. On October 20, 2015 Bell again attempted to return to work with the medical documentation previously requested. When Bell arrived at the restaurant he was met at the door

by two co-workers, who informed him that per the manager, Bell was not allowed inside and was no longer employed by Defendant.

29. After being refused access to his workplace, Bell called his manager. After several calls went unanswered, Bell's manager answered the phone and told him only that he was fired and then hung up.

30. At no time did Defendant advise Bell of his right or eligibility to take leave pursuant to the FMLA.

31. On November 3, 2015, Bell attended another doctor's appointment for continuing, follow up treatment for his high blood pressure.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

32. Plaintiff restates and incorporates Paragraphs 1 through 31 as though fully set forth herein.

33. At all relevant times Bell was a qualified individual with a disability (high blood pressure) pursuant to the ADA.

34. Bell's high blood pressure occasionally and temporarily renders him unable to work in a broad class of jobs, as it places him at a significant risk of experiencing a stroke, heart attack, and/or heart failure when his condition is uncontrolled.

35. Bell's high blood pressure substantially limits his major life activities including cardiovascular function, circulatory function, and/or work.

36. In order to perform his job, Bell required the reasonable accommodation of a brief absence from work, including but not limited to leave pursuant to the FMLA, in order to seek treatment for and recover from the spike in his blood pressure.

37. Defendant permitted other, non-disabled employees to be absent from work without consequence.

38. Throughout his employment with Defendant, Bell could perform the essential functions of the Head Cook position with or without a reasonable accommodation.

39. When Defendant refused to excuse Bell's October 2015 absence from work and instead terminated him, it unlawfully failed to accommodate Bell in violation of the ADA.

40. As a direct and proximate result of Defendant's actions, Bell has suffered and continues to suffer irreparable injury and harm.

41. Defendant's actions in this regard were willful, wanton, and outrageous, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Clifford Bell III respectfully requests that this Court enter an order as follows:

    A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of ADA;

    B. Enjoining and permanently restraining these violations of ADA;

    C. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of ADA;

    D. Awarding Plaintiff compensatory damages;

    E. Awarding Plaintiff punitive damages;

    F. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    G. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

42. Plaintiff restates and incorporates Paragraphs 1 through 31 as though fully set forth herein.

43. At all relevant times Bell was a qualified individual with a disability (high blood pressure) pursuant to the ADA.

44. Bell's high blood pressure occasionally and temporarily renders him unable to work in a broad class of jobs, as it places him at a significant risk of experiencing a stroke, heart attack, and/or heart failure when his condition is uncontrolled.

45. Bell's high blood pressure substantially limits major life activities including cardiovascular function, circulatory function, and/or work.

46. In order to perform his job, Bell required the reasonable accommodation of a brief absence from work, including but not limited to leave pursuant to the FMLA, in order to seek treatment for and recover from the spike in his blood pressure.

47. When Defendant refused to excuse Bell's October 2015 absence from work and instead terminated him, it unlawfully discriminated against Bell on the basis of his disability in violation of the ADA.

48. Defendant permitted other, non-disabled employees to be absent from work without consequence.

49. As a direct and proximate result of Defendant's actions, Bell has suffered and continues to suffer irreparable injury and harm.

50. Defendant's actions in this regard were willful, wanton, and outrageous, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Clifford Bell III respectfully requests that this Court enter an order as follows:

A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of ADA;

B. Enjoining and permanently restraining these violations of ADA;

C. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of ADA;

D. Awarding Plaintiff compensatory damages;

E. Awarding Plaintiff punitive damages;

F. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

G. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT III
## INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

51. Plaintiff restates and incorporates Paragraph 1 through 31 as though fully set forth herein.

52. The matters set forth in this Count arise from Defendant's violation of the FMLA.

53. In the 12 months preceding his termination, Plaintiff worked more than 1,250 hours for Defendant.

54. Plaintiff suffers from high blood pressure, which is a serious health condition that requires continuing treatment involving a health care provider.

55. As an eligible employee who required time off relating to his serious health condition, Bell was entitled to take leave pursuant to the FMLA.

56. Bell informed Defendant that he had a serious health condition and of his need to be absent from work relating to the same.

57. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide him with notice (including a failure to provide Plaintiff with any notices regarding his designation, rights and responsibilities, and/or eligibility) or information regarding his right to take job-protected leave pursuant to the FMLA in October 2015.

58. Defendant interfered with Plaintiff's rights under the FMLA by failing to investigate whether Plaintiff was eligible to receive FMLA leave and/or whether his October 2015 absence qualified for FMLA protections.

59. Defendant interfered with Bell's FMLA rights when, despite his repeated requests to be reinstated following his October 2015 absence, Defendant failed and refused to reinstate Bell.

60. Defendant interfered with Bell's FMLA rights when it terminated Bell in violation of the FMLA.

61. Defendant's violation of the FMLA has caused Bell to incur damages, including but not limited to loss of income, in the time since his termination.

WHEREFORE, Plaintiff Clifford Bell III respectfully requests that this Court enter an order as follows:

- A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

- B. Enjoining and permanently restraining these violations of the FMLA;

- C. Awarding Plaintiff back wages, reinstatement or front pay in the alternative, and lost benefits arising from Defendant's violation of FMLA;

- D. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

- E. Awarding Plaintiff his reasonable attorneys' fees and costs incurred in connection with the instant action; and

    F. Awarding Plaintiff any additional relief, including equitable damages, that the Court may deem just and proper.

| | |
|---|---|
| Dated: December 22, 2017 | Respectfully submitted,<br>CLIFFORD BELL III, |
| Alejandro Caffarelli, #06239078<br>Alexis D. Martin, #06309619<br>Madeline K. Engel, #06303249<br>Caffarelli & Associates Ltd.<br>224 N. Michigan Ave., Suite 300<br>Chicago, Illinois 60604<br>Tel. (312) 763-6880 | By: /s/ Alexis D. Martin<br>    Attorney for the Plaintiff |

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that a copy of the attached, **First Amended Complaint**, was served upon the individual listed below by electronically filing with the Clerk of the U.S. District Court of the Central District of Illinois on December 22, 2017.

John A. Kauerauf (jakauerauf@sorlinglaw.com)
Sorling Northrup
1 N. Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, Illinois 62705
Tel. (217) 544-1144

                                                                           /s/ Alexis D. Martin
                                                                           One of Plaintiff's Attorneys