IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CLIFFORD BELL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:17-cv-01455 |
| | ) | |
| WALI ENTERPRISES, LLC, d/b/a Popeye's Louisiana Kitchen, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

NOW COMES Defendant, WALI ENTERPRISES, LLC, d/b/a Popeye's Louisiana Kitchen, by and through its attorneys, Sorling Northrup, John A. Kauerauf, of Counsel, and for its Answer to Plaintiff's First Amended Complaint, states as follows:

### NATURE OF ACTION

1. This is a single-plaintiff action for damages and injunctive relief against Defendant for its unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.* ("FMLA") and its discrimination against Plaintiff on the basis of his disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA").

**ANSWER:** Defendant admits that Plaintiff seeks relief pursuant to the provisions of the FMLA and ADA. Defendant denies that Defendant has violated either the FMLA or the ADA and further denies that Plaintiff is entitled to the relief claimed.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 29 U.S.C. §2617 (right to civil action under the FMLA), and 42 U.S.C. §12117(a) (right to civil action under ADA).

**ANSWER:** Defendant admits that this Court has jurisdiction over the claims set forth herein. Defendant denies that Defendant violated either the FMLA or the ADA.

3. The unlawful employment practices described herein were committed at Defendant's restaurant in Bloomington, McLean County, Illinois. Venue in the Peoria Division of the U.S. District Court for the Central District of Illinois is proper pursuant to 28 U.S.C. §1391(b).

**ANSWER:** Defendant admits that Defendant owns a restaurant in Bloomington, McLean County, Illinois, and that venue in the Peoria District of the U.S. District Court is proper. Defendant denies the remaining allegations of paragraph 3 of Plaintiff's First Amended Complaint.

4. On February 10, 2016, Bell filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of a disability in violation of the ADA. Bell attaches his Charge as **Exhibit A** and incorporates the allegations of his Charge herein.

**ANSWER:** Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination on the basis of disability in violation of the ADA. Defendant denies that Defendant violated the ADA.

5. On August 23, 2017, the EEOC issued a Dismissal and Notice of Rights as to Bell's Charge, a copy of which is attached as **Exhibit B**. Plaintiff files this Complaint within 90 days of his receipt of the Dismissal and Notice of Rights from the EEOC.

**ANSWER:** Defendant admits the allegations of paragraph 5 of Plaintiff's First Amended Complaint.

6. Plaintiff has satisfied all conditions precedent to pursuing his ADA claim in federal court.

**ANSWER:** Defendant neither admits nor denies the allegations of paragraph 6 of Plaintiff's First Amended Complaint as said paragraph alleges a legal conclusion and not a fact or facts.

## PARTIES

7. Plaintiff, Clifford Bell, III, resides in Bloomington, Illinois.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 7 of Plaintiff's First Amended Complaint.

8. Plaintiff worked for Defendant at its Popeye's Louisiana Kitchen fast food restaurant located at 1803 West Market Street, Bloomington, Illinois 62701, from 2004 through October 2015.

**ANSWER:** Defendant admits that Plaintiff worked for Defendant at Defendant's Popeye's Louisiana Kitchen restaurant located at 1803 West Market Street, Bloomington, Illinois, and the Plaintiff's employment by Defendant ended in October 2015. Defendant denies the remaining allegations of paragraph 8 of Plaintiff's First Amended Complaint.

9. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, 29 U.S.C. §2611(3)(A).

**ANSWER:** Defendant neither admits nor denies the allegations of paragraph 9 of Plaintiff's First Amended Complaint as there is no statute codified as 29 U.S.C. §2611(3)(A).

10. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the ADA, 42 U.S.C. §12111(4).

**ANSWER**: Defendant admits the allegations of paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendant Wali is an Illinois corporation that owns and operates several Popeye's Louisiana Kitchen restaurants in central Illinois. In addition to Plaintiff's work location in Bloomington, Illinois, Defendant owns and operates a second restaurant in Bloomington as well as locations in Peoria and Springfield, Illinois.

**ANSWER:** Defendant admits that Defendant is an Illinois corporation that owns and operates Popeye Louisiana Kitchen restaurants in Bloomington and Peoria, Illinois. Defendant denies the remaining allegations of paragraph 11 of Plaintiff's First Amended Complaint.

12. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. §2611(4)(A).

**ANSWER:** Defendant admits the allegations of paragraph 12 of Plaintiff's First Amended Complaint.

13. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII, 42 U.S.C. §12111(5)(A).

**ANSWER**: Defendant admits that Defendant was Plaintiff's employer within the meaning of 42 U.S.C. §12111(5)(A).

14. At all relevant times, Defendant employed more than 50 employees within 75 miles of Plaintiff's work location in Bloomington.

**ANSWER:** Defendant admits the allegations of paragraph 14 of Plaintiff's First Amended Complaint.

**FACTUAL ALLEGATIONS**

15. Bell worked full-time for Defendant at its Market Street location from 2004 until his termination on or about October 20, 2015. At the time of his termination, Plaintiff's title was Head Cook.

**ANSWER:** Defendant admits that Plaintiff worked for Defendant at its Market Street location and that Plaintiff's employment was terminated on October 19, 2015. Defendant denies the remaining allegations of paragraph 15 of Plaintiff's First Amended Complaint.

16. In the 12 months preceding his termination, Plaintiff worked more than 1,250 hours for Defendant.

**ANSWER**: Defendant admits the allegations of paragraph 16 of Plaintiff's First Amended Complaint.

17. Throughout his employment, Bell performed his job satisfactorily.

**ANSWER:** Defendant denies the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

18. As of October 2015, Plaintiff had suffered from high blood pressure for 3 to 4 years. Repeatedly throughout these years, Bell was monitored and treated by his doctor for his condition.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 18 of Plaintiff's First Amended Complaint.

19. On or about October 8, 2015, Bell called his manager to inform Defendant that he was unable to work due to his blood pressure being too high. The manager told Bell to bring a doctor's note when he returned to work. Bell did not report to work that day.

**ANSWER:** Defendant admits that Plaintiff had a phone conference with his manager on October 8, 2015, during which he reported that he was not coming in to work on that date, that he was told to bring a doctor's note when he returned to work and that he did not work on October 8,

2015. Defendant denies the remaining allegations of paragraph 19 of Plaintiff's First Amended Complaint.

20. On or about October 13, 2015, Bell attended a doctor's appointment relating to his blood pressure. At this appointment, Bell's doctor placed a heart monitor on him because he was also experiencing heart palpitations. High blood pressure (also known as hypertension) can result in damage to the cardiovascular and circulatory systems, including causing an increased risk of heart attack, heart failure, or stroke.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 20 of Plaintiff's First Amended Complaint.

21. The doctor's office also scheduled Bell for follow-up appointment on October 27, 2015.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 21 of Plaintiff's First Amended Complaint.

22. Since his absence starting on October 8, 2015, Bell first returned to work on October 14, 2015. When Bell reported to work, he provided Defendant with documentation from his doctor verifying that his absences during the previous week was medically necessary.

**ANSWER:** Defendant denies the allegations of paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendant refused to accept Bell's documentation and refused to permit him to return to work on October 14, 2015.

**ANSWER:** Defendant denies that the encounter described in paragraph 22 occurred. Defendant, therefore, denies the allegations of paragraph 23 of Plaintiff's First Amended Complaint.

24. On October 16, 2015, Bell attended a second appointment with his doctor, during which the doctor reviewed and removed his heart monitor. At this appointment, Bell also obtained another note from his doctor explaining his absences from work to provide Defendant.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 24 of Plaintiff's First Amended Complaint.

25. The doctor clear Bell to return to work without restriction.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 25 of Plaintiff's First Amended Complaint.

26. Bell then called his manager, Deb, to inform Defendant that he had obtained additional information from his doctor to show that all of the days he was absent were due to his health condition. Deb informed Bell that he was not scheduled to work against until Monday, October 19, 2015, and that Bell needed to bring the doctor's notes to her for review that Monday.

**ANSWER:** Defendant admits that Plaintiff had a telephone conversation with his manager on October 17, 2015, that Plaintiff alleged that he had a doctor's note, that Plaintiff was told by his manager that she had scheduled Plaintiff to work a work shift beginning at 9:00 a.m. on Monday, October 19, 2015, and that Plaintiff needed to report to work with his doctor's note in hand at that time. Defendant denies the remaining allegations of paragraph 26 of Plaintiff's First Amended Complaint.

27. On October 19, 2015, Bell again arrived at his work location with the documentation Defendant had requested. Bell was told that his manager had to review the documentation, but that she was not present, so he could not return to work. The Shift Leader took copies of Bell's medical documentation and told him to come back the next day.

**ANSWER:** Defendant admits that Plaintiff arrived at his work location after 3:00 p.m. on October 19, 2015, that he was told his manager was not then present, that he gave a doctor's note

to the individual with whom he spoke on that occasion, and that he was not allowed to work the balance of his October 19, 2015, work shift. Defendant denies the remaining allegations of paragraph 27 of Plaintiff's First Amended Complaint.

28. On October 20, 2015, Bell again attempted to return to work with the medical documentation previously requested. When Bell arrived at the restaurant he was met at the door by two co-workers, who informed him that per the manager, Bell was not allowed inside and was no longer employed by Defendant.

**ANSWER:** Defendant denies the allegation of paragraph 28 of Plaintiff's Amended Complaint.

29. After being refused access to his workplace, Bell called his manager. After several calls went unanswered, Bell's manager answer the phone and told him only that he was fired and then hung up.

**ANSWER:** Defendant admits that Plaintiff had a phone conference with his manager on October 20, 2015, during which the reason for his discharge was explained. Defendant denies the remaining allegations of paragraph 29 of Plaintiff's Amended Complaint.

30. At no time did Defendant advise Bell of his right or eligibility to take leave pursuant to the FMLA.

**ANSWER:** Defendant admits that no such conversation occurred. Defendant denies that Bell provided Defendant with information sufficient to allow the determination of Bell's eligibility for FMLA leave to be made.

31. On November 3, 2015, Bell attended another doctor's appointment for continuing, follow up treatment for his high blood pressure.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 31 of Plaintiff's First Amended Complaint.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

32. Plaintiff restates and incorporates paragraphs 1 through 31 as though fully set forth herein.

**ANSWER:** Defendant restates and incorporates each of Defendant's answers to paragraphs 1 through 31 as Defendant's answer to paragraph 32 of Plaintiff's First Amended Complaint.

33. At all relevant times, Bell was a qualified individual with a disability (high blood pressure) pursuant to the ADA.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 33 of Plaintiff's First Amended Complaint.

34. Bell's high blood pressure occasionally and temporarily renders him unable to work in a broad class of jobs, as it places him at a significant risk of experiencing a stroke, heart attack, and/or heart failure when his condition is uncontrolled.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 34 of Plaintiff's First Amended Complaint.

35. Bell's high blood pressure substantially limits his major life activities including cardiovascular function, circulatory function, and/or work.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 35 of Plaintiff's First Amended Complaint.

36. In order to perform his job, Bell required the reasonable accommodation of a brief absence from work, including but not limited to leave pursuant to the FMLA, in order to seek treatment for and recover from the spike in his blood pressure.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendant permitted other, non-disabled employees to be absent from work without consequence.

**ANSWER**: Defendant denies the allegations of paragraph 37 of Plaintiff's First Amended Complaint.

38. Throughout his employment with Defendant, Bell could perform the essential functions of the Head Cook position with or without a reasonable accommodation.

**ANSWER:** Defendant denies that Defendant maintains a "head cook" position of employment and, therefore, denies the allegations of paragraph 38 of Plaintiff's First Amended Complaint.

39. When Defendant refused to excuse Bell's October 2015 absence from work and instead terminated him, it unlawfully failed to accommodate Bell in violation of the ADA.

**ANSWER:** Defendant denies the allegations of paragraph 39 of Plaintiff's First Amended Complaint.

40. As a direct and proximate result of Defendant's actions, Bell has suffered and continues to suffer irreparable injury and harm.

**ANSWER:** Defendant denies the allegations of paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendant's actions in this regard were willful, wanton, and outrageous, warranting the imposition of punitive damages.

**ANSWER:** Defendant denies the allegations of paragraph 41 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant, WALI ENTERPRISES, LLC, d/b/a Popeye's Louisiana Kitchen, requests that this Court dismiss Plaintiff's Amended Complaint, award Plaintiff nothing, and award Defendant its costs of defense and such other relief as shall be just.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

42. Plaintiff restates and incorporates paragraphs 1 through 31 as though fully set forth herein.

**ANSWER:** Defendant restates and incorporates each of Defendant's answers to paragraphs 1 through 31 as Defendant's answers to paragraph 42 of Plaintiff's First Amended Complaint.

43. At all relevant times, Bell was a qualified individual with a disability (high blood pressure) pursuant to the ADA.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 43 of Plaintiff's First Amended Complaint.

44. Bell's high blood pressure occasionally and temporarily renders him unable to work in a broad class of jobs, as it places him at a significant risk of experiencing a stroke, heart attack, and/or heart failure when his condition is uncontrolled.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 44 of Plaintiff's First Amended Complaint.

45. Bell's high blood pressure substantially limits his major life activities including cardiovascular function, circulatory function, and/or work.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 45 of Plaintiff's First Amended Complaint.

46. In order to perform his job, Bell required the reasonable accommodation of a brief absence from work, including but not limited to leave pursuant to the FMLA, in order to seek treatment for and recover from the spike in his blood pressure.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 46 of Plaintiff's First Amended Complaint.

47. When Defendant refused to excuse Bell's October 2015 absence from work and instead terminated him, it unlawfully discriminated against Bell on the basis of his disability in violation of the ADA.

**ANSWER:** Defendant denies the allegations of paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendant permitted other, non-disabled employees to be absent from work without consequence.

**ANSWER**: Defendant denies the allegations of paragraph 48 of Plaintiff's First Amended Complaint.

49. As a direct and proximate result of Defendant's actions, Bell has suffered and continues to suffer irreparable injury and harm.

**ANSWER:** Defendant denies the allegations of paragraph 49 of Plaintiff's First Amended Complaint.

50. Defendant's actions in this regard were willful, wanton, and outrageous, warranting the imposition of punitive damages.

**ANSWER:** Defendant denies the allegations of paragraph 50 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant, WALI ENTERPRISES, LLC, d/b/a Popeye's Louisiana Kitchen, requests that this Court dismiss Plaintiff's Amended Complaint, award Plaintiff nothing, and award Defendant its costs of defense and such other relief as shall be just.

## COUNT III
## INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDIAL LEAVE ACT

51. Plaintiff restates and incorporates paragraphs 1 through 31 as though fully set forth herein.

**ANSWER:** Defendant restates and incorporates each of Defendant's answers to paragraphs 1 through 31 as Defendant's answer to paragraph 51 of Plaintiff's First Amended Complaint.

52. The matters set forth in this Count arise from Defendant's violation of the FMLA.

**ANSWER:** Defendant denies the allegations of paragraph 52 of Plaintiff's First Amended Complaint.

53. In the 12 months preceding his termination, Plaintiff worked more than 1,250 hours for Defendant.

**ANSWER**: Defendant admits the allegations of paragraph 53 of Plaintiff's First Amended Complaint.

54. Plaintiff suffers from high blood pressure, which is a serious health condition that requires continuing treatment involving a health care provider.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 54 of Plaintiff's First Amended Complaint.

55. As an eligible employee who required time off relating to his serious health condition, Bell was entitled to take leave pursuant to the FMLA.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 55 of Plaintiff's First Amended Complaint.

56. Bell informed Defendant that he had a serious health condition and of his need to be absent from work relating to the same.

**ANSWER**: Defendant denies the allegations of paragraph 56 of Plaintiff's First Amended Complaint.

57. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide him with notice (including a failure to provide Plaintiff with any notices regarding his designation, rights, and responsibilities, and/or eligibility) or information regarding his right to take job-protected leave pursuant to the FMLA in October 2015.

**ANSWER:** Defendant denies the allegations of paragraph 57 of Plaintiff's First Amended Complaint.

58. Defendant interfered with Plaintiff's rights under the FMLA by failing to investigate whether Plaintiff was eligible to receive FMLA leave and/or whether his October 2015 absence qualified for FMLA protections.

**ANSWER**: Defendant denies the allegations of paragraph 58 of Plaintiff's First Amended Complaint.

59. Defendant interfered with Bell's FMLA rights when, despite his repeated requests to be reinstated following his October 2015 absence, Defendant failed and refused to reinstate Bell.

**ANSWER:** Defendant denies the allegations of paragraph 59 of Plaintiff's First Amended Complaint.

60. Defendant interfered with Bell's FMLA rights when it terminated Bell in violation of the FMLA.

**ANSWER:** Defendant denies the allegations of paragraph 60 of Plaintiff's First Amended Complaint.

61.     Defendant's violation of the FMLA has caused Bell to incur damages, including but not limited to loss of income, in the time since his termination.

**ANSWER:** Defendant denies the allegations of paragraph 61 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant, WALI ENTERPRISES, LLC, d/b/a Popeye's Louisiana Kitchen, requests that this Court dismiss Plaintiff's Amended Complaint, award Plaintiff nothing, and award Defendant its costs of defense and such other relief as shall be just.

> WALI ENTERPRISES, LLC, d/b/a Popeye's Louisiana Kitchen, Defendant
>
> By:   s/ John A. Kauerauf
> John A. Kauerauf, Bar #6193413
> Attorney for Defendant
> Sorling Northrup
> 1 N. Old State Capitol Plaza, Suite 200
> P.O. Box 5131
> Springfield, IL  62705
> Telephone:  217-544-1144
> Fax:  217-522-3173
> E-Mail:  jakauerauf@sorlinglaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served by electronic service through the Court's ECF System to the following:

Mr. Alejandro Caffarelli
Ms. Alexis D. Martin
Ms. Madeline K. Engel
Caffarelli & Associates, Ltd.
224 South Michigan Avenue, Suite 300
Chicago, IL  60604

and via First Class Mail, postage prepaid, to the following:

(none)

on the 4th day of January, 2018.

                                            s/ John A. Kauerauf
                                            John A. Kauerauf, Bar #6193413
                                            Attorney for Defendant
                                            Sorling Northrup
                                            1 N. Old State Capitol Plaza, Suite 200
                                            P.O. Box 5131
                                            Springfield, IL  62705
                                            Telephone:  217-544-1144
                                            Fax:  217-522-3173
                                            E-Mail:  jakauerauf@sorlinglaw.com